UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GYBRANY ONOFRE** | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:17-cv-06160 |
| | ) | |
| -v- | ) | |
| | ) | Judge: |
| **TRANS UNION, LLC** | ) | |
| | ) | |
| and | ) | |
| | ) | **COMPLAINT** |
| **EQUIFAX INFORMATION SERVICES, LLC** | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendants. | ) | |

Plaintiff, Gybrany Onofre, for his complaint against Trans Union, LLC and Equifax Information Services, LLC (collectively, "Defendants"), states and avers as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking compensatory, statutory and punitive damages, and costs and reasonable attorneys' fees, for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), as more fully described herein.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendants transact business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Illinois.

## PARTIES

4. Gybrany Onofre ("Plaintiff" or "Mr. Onofre") is a natural adult person residing in Berwyn, Illinois. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

5. Trans Union, LLC ("Trans Union") is a Delaware limited liability company doing business in the State of Illinois and throughout the United States. Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA.

6. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company doing business in the State of Illinois and throughout the United States. Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA.

## FACTUAL ALLEGATIONS

7. On or around June 1, 2017, Mr. Onofre obtained copies of his credit reports from the "big three" national consumer reporting agencies – Trans Union, Equifax and Experian.

8. To his surprise and dismay, Mr. Onofre discovered a seriously delinquent Bank of America account that he did not recognize being reported by Defendants. Relevant pages from Mr. Onofre's Trans Union and Equifax credit reports, dated June 2, 2017 and June 1, 2017, respectively, are collectively attached to this complaint as Exhibit A.

9. Mr. Onofre has never had an account with Bank of America.

10. At the time the subject Bank of America account was opened – January 2003 – Plaintiff was nine (9) years old. *See* Exhibit A.

11. Mr. Onofre contacted Defendants in writing to dispute the false Bank of America account and request the removal of the tradeline. *See* Dispute Letters to Defendants, dated June 19, 2017, copies of which are attached collectively to this complaint as Exhibit B.

12. To date, Mr. Onofre is unsure whether or not Defendants have ultimately corrected his credit reports and removed the false Bank of America trade line.

13. As a result of Defendants' reporting of the false Bank of America account information on his credit reports, Mr. Onofre has been denied credit opportunities that he would otherwise have qualified for.

14. As a result of Defendants' reporting of the false Bank of America account information on his credit reports, Mr. Onofre has unknowingly been forced to pay higher interest rates and/or has endured other less-favorable terms on approved credit than he should otherwise have been.

15. Mr. Onofre justifiably fears that, absent this Court's intervention, Defendants will continue to report false and highly damaging information about him.

16. Absent litigation, Mr. Onofre fears his credit record will never be accurate. Thus, the instant lawsuit is being commenced.

**GROUNDS FOR RELIEF**

**COUNT I**
**NEGLIGENT AND WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b) BY TRANS UNION**

17. All prior paragraphs are incorporated into this count by reference.

18. Trans Union is a "consumer reporting agency" as defined in the FCRA.

19. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *See* 15 U.S.C. § 1681e(b).

20. On numerous occasions over the past two-plus (2+) years, Trans Union has prepared a consumer report concerning Plaintiff, and disseminated such report to one or more third party, that failed to assure "maximum possible accuracy" of information pertaining to Plaintiff.

21. The consumer reports prepared by Trans Union concerning Plaintiff contained objectively false information.

22. Trans Union negligently and/or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared, disseminated and/or published concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

23. As a direct and proximate result of Trans Union's negligent and/or willful refusal to follow reasonable procedures as mandated by the FCRA, Plaintiff has suffered considerable harm and damage including, but not limited to: financial loss, loss of credit opportunities, expenditure of significant time and resources, and considerable distress and mental anguish, entitling Plaintiff to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

24. Trans Union's pattern of refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of willful and wanton misconduct, calling for statutory damages and an assessment of punitive damages against Trans Union, plus attorneys' fees and costs pursuant 15 U.S.C. § 1681n.

## COUNT II
### NEGLIGENT AND WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b) BY EQUIFAX

25. All prior paragraphs are incorporated into this count by reference.

26. Equifax is a "consumer reporting agency" as defined in the FCRA.

27. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *See* 15 U.S.C. § 1681e(b).

4

28. On numerous occasions over the past two-plus (2+) years, Equifax has prepared a consumer report concerning Plaintiff, and disseminated such report to one or more third party, that failed to assure "maximum possible accuracy" of information pertaining to Plaintiff.

29. The consumer reports prepared by Equifax concerning Plaintiff contained objectively false information.

30. Equifax negligently and/or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

31. As a direct and proximate result of Equifax's negligent and/or willful refusal to follow reasonable procedures as mandated by the FCRA, Plaintiff has suffered harm and damage including, but not limited to: financial loss, loss of credit opportunities, expenditure of significant time and resources, and considerable distress and mental anguish, entitling Plaintiff to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

32. Equifax's pattern of refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of willful and wanton misconduct, calling for statutory damages and an assessment of punitive damages against Equifax, plus attorneys' fees and costs pursuant 15 U.S.C. § 1681n.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Gybrany Onofre, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in such amounts as determined by the jury, assessed against each Defendant, as provided under 15 U.S.C. § 1681o;

B.  Awarding Plaintiff statutory damages, in such amounts as determined by the jury, assessed against each Defendant, pursuant to 15 U.S.C. § 1681n;

C.  Awarding Plaintiff punitive damages, in such amounts as determined by the jury, assessed against each Defendant, pursuant to 15 U.S.C. § 1681n;

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. §§ 1681n and 1681o; and

E.  Awarding Plaintiff such other and further relief as may be just and proper.

Dated:  August 24, 2017               Respectfully Submitted,

                                      　/s/ Geoff B. McCarrell
                                      Geoff B. McCarrell #0086427
                                      David S. Klain #0066305
                                      CONSUMER LAW PARTNERS, LLC
                                      435 N. Michigan Ave., Suite 1609
                                      Chicago, Illinois 60611
                                      (267) 422-1000 (phone)
                                      (267) 422-2000 (fax)
                                      geoff.m@consumerlawpartners.com

                                      *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                      　/s/ Geoff B. McCarrell
                                      Geoff B. McCarrell #0086427
                                      CONSUMER LAW PARTNERS, LLC